Read, J.
Persons having liens upon land, not being made parties to the proceeding, will not be affected by a decree subjecting such land to salo. The lien of a judgment under the statute subsists and continues for the period of five years. The sale taking place under a decree junior to the judgment, and the judgment creditors not having been made parties to the proceedings under which the decree was rendered, and the judgment liens being still in life, the purchaser would take subject to such judgment liens, unless the decree would protect him, either from having acquired superiority to the judgment by having been rendered a year after the judgment without levy, and a levy within the year or a prior levy to the ^judgment alter the year, or because the decree was subjecting the land to the satisfaction of a lien older and superior to that of the judgment. In this case the levy under the judgment was not had until after the sale under the decree. It might bo contended that the complainants had a complete remedy at law, and that a bill in chancery could not be sustained. A judgment lien is a statutory provision, and holds all the lands of the judgment debtor subject to execution, for the satisfaction of tbo *379 debt during its subsistence. An execution at law will not reach an equity. The effect of a judgment lien is to prevent a judgment debtor from divesting himself of the legal estate during the subsistence of the judgment, and thereby placing it beyond tho reach of execution at law. But although a judgment lien is a statutory and legal right designed to aid and secure the execution of a judgment at law, and has no independent existence apart from the process of execution, and in and of itself is unknown to equity, yet if other parties should attempt to impede its operation, equity would lend its aid to remove such impediment, and might exert its power to secure its satisfaction in some other mode than subjecting the'specific land, if that end could be accomplished, and it was necessary to protect the rights of others. Thus it is a familiar instance to levy upon lands which have been conveyed to hinder and defraud creditors, and then to file a bill to remove the cloud which tho fraudulent conveyance has cast upon the title, and which might prevent a sale, or the party may proceed and sell and litigate tho validity of the fraudulent conveyance upon a question of title in an action at law. In the present case the purchaser holds under a judicial sale, and has paid his money which has boon brought into court, but the judgment creditors not having been made parties to the proceeding in chancery, and having a subsisting judgment lien, the land is still liable to execution and sale at law to satisfy the judgment, but the judicial salo has cast a cloud upon the title which equity may remove. But all the parties being before the court, and the funds arising from the *sale of the lands being still under tho control of the court, to satisfy a mortgage lion which is inferior to the judgment lien, as is claimed by the bill, the appropriate remedy is to direct that the money shall bo appropriated to discharge the elder lion, and in this manner protect the purchaser. A bill filed on the part of a purchaser of land to direct that the fund thus paid into court should be applied to the discharge of elder liens entitled-to satisfaction out of the land, would be entertained upon ordinary and familiar principles of equity.
But the principal question in this case grows ont of the liens which are given to judgments and decrees under the statute.
It is admitted that the judgment lien is elder and superior to that of the mortgage, and must prevail, unless the iaet that there was no levy under the judgment within the year from the time *380 that it attached, and that a decree was had upon the mortgage after such year, and sale made within the year, gives to the decree a superiority over the judgment.
The statute provides that when there is a senior judgment and no levy within the year, and a junior judgment and levy'within the year, that the junior judgment shall hold against the senior judgment; and further it is provided that a decree in chancery shall have the same force and effect as a judgment at law. It is claimed, therefore, that this lien of the decree is superior to that of the judgment. If such be the case, a junior mortgago, if reduced to decree, might by virtue of the statute, under such circumstances, prevail against a senior judgment. It is claimed that the mortgage is merged in the decree, and that the decree has the force and effect of a judgment at law. If this were so, a judgment junior to a mortgage might oftentimes, by neglect of levy, cut off the mortgage. The object of a foreclosure is to enforce a lion; and the decree will not merge it so as to hazard its existence. This distinction must be observed between liens created by the acts of the parties, the liens of judgments, and decrees under the statute. The statutory liens are nothing but incidents and aids to the execution of judgments and decrees, *theyare designed merely to hold the property of the debtor within the reach of the execution, not to create, destroy, or impair independent rights to property. Strangers to a suit are not affected by their operation. But to hold that decrees to enforce specific liens, or to subject property to which such liens attached for their satisfaction, merged such liens, and that the property was only alter their rendition held by virtue of the liens of the decrees under the statute, would be to expose such liens to the risk of being lost by the very means employed to carry them into specific execution. The liens of judgments and decrees are given by statute, and exist, and are lost according to its provisions. The lion of a mortgago is the result of a contract of the parties, a right secured against all the world, and which can only be discharged by satisfaction or consent of the mortgagee. The general statute lien only attaches to the extent of the rights of the debtor, subject to the same restrictions, limitations, and incumbrances. The general statute lien is thus always subject to the specific lien. Hence the specific lien being superior to the general statute lien, will not be merged in it. A superior right is never merged in an inferior one; the whole doctrine of merger *381 proceeds upon the principle of a superior right covering and swallowing up an inferior right, and that keeping those rights separate when they unite in the same person, to the same thing, would be useless. The doctrine of merger never applies when it would work an injury to the owner, or where his interest requires that these rights should have a separate existence. It is perfectly clear, then, there is no merger.
But it is contended that the decree finding the money due under the mortgage, and a decree that it shall be paid, or the mortgaged property shall be sold to satisfy it, gives a general lien under the statute, which, if carried into levy and execution within the year, will prevail against a senior judgment, when execution had not been levied within the year, so as to give superiority to a mortgage junior to the judgment. The mortgage attached to land which was ^subject to the judgment lien ; if the mortgagee, when he filed his bill, had made the judgment lienholder a party, the decree would have directed the land to be sold and the proceeds to be distributed according to priority of lien, which would have first satisfied the judgment. But to sustain the doctrine contended for, the neglect to make the judgment lienholder a party to the proceedings, a foreclosure would, under such circumstances, enable the mortgagee to wholly defeat the judgment lien. Now, it is a fundamental maxim that persons having rights to land can not be affected by a judgment or decree touching such land, unless they are parties to the proceeding. To hold that the judgment lien subsisting at the time the mortgage lien was acquired, and superior to it, could be defeated by a proceeding to enforce the mortgage without making the judgment lienholder a party, by holding that the decree was a general lien, having the force and effect of a judgment at law, would violate this maxim, and give to tho mortgagee an advantage from his neglect or design to obtain an unfair advantage, which he could not have obtained had he performed his duty in making proper parties; thus, even upon the doctrine that a decree upon foreclosure, finding-the amount duo on the mortgage, gave a general lien under the statute, we should be compelled to limit it in such way as not to destroy older judgment liens. But the truth is, a decree of foreclosure is not such a deeVee as will confer a general lien as a judgment at law. True, the statute provides that the decrees of courts of chancery “ shall, from the time of their being pro* *382 nounced, have the force and effect of a judgment at law.” Swan’s Stat. 708. A judgment at law gives a general lion, but it is not every decree in chancery that can give a lien similar to a judgment. There are a great variety of decrees in chancery which give no lien, such as decrees or injunctions to stay waste, to surrender and cancel securities, to set aside fraudulent conveyances, and various others ; yet the language of the statute covers all decrees. Hence the language of the statute must be *limited, and as a lien is only a security for a money demand, no decree in chancery can confer a lien under the statute except a decree expressly for the payment of money. At law, it is only a judgment against a debtor, or a judgment for the payment of money, that gives a lien; a judgment in ejectment gives no lien. Hence the decrees in chancery that confer liens similar to judgments, are decrees for the payment of money. A decree of foreclosure is not a decree for the payment of money. Originally such decrees only cut off the equity of redemption and gave the land to the mortgagee. The object now is to cut off the equity of redemption, but in the ancient mode, by giving the whole land to the mortgagee, but on sale to the purchaser, in order that on discharge of the debt the surplus money be paid over to the mortgagor. But still all parties having a lien and right to the land, whether by act of the law, descent, purchase, or contract, may redeem, if not made parties to the proceedings of foreclosure. But treating a mortgage as a mere incident to a debt, a security arising out of a specific lien, the procedure of foreclosure is strictly to enforce the lien, to subject the land or thing mortgaged to the payment of the debt. This is not to obtain a decree for the payment of a money demand, but to subject certain land or property to the payment of a money demand secured upon such land or property. But in order to determine the extent of the lien, it is necessary to determine, as a preliminary matter to the seizure and appropriation of the land as other property, the amount due between the mortgagor and mortgagee.
The amount so found becomes a debt of record, not a decree for the payment of money, but is only a predicate authorizing a sale of the mortgaged property to satisfy such debt. No one pretends that such finding is a decree for the payment of money. If there is not a decree for the payment of money, it gives no lien ; and hence, a decree of foreclosure gives no lien as a judg *383 ment at law. It is only within a short time, that it has been supposed that a decree of foreclosure finding the amount due, could give further relief than ^subjecting the mortgaged property to sale, and applying the proceeds to the payment of the mortgage debt. If any balance remained, it was regarded as a debt of record, to be collected as such, but not as a decree for the payment of money upon which execution could be awarded. This is undoubtedly tho strict and true doctrine. But to prevent multiplicity of suits, within a few years it has been the practico of some of the courts of common pleas, to order that if any balance shall remain, after subjecting the mortgaged property, and applying the proceeds, that execution shall be awarded for its collection as upon judgments at law. I see no difficulty in this view, except that it mars the symmetry of’the system, and by the introduction of a new principle confuses and renders doubtful many other well-established rules. This doctrine has never been reoognizod by the court in bank, until so late as the case of Hamilton v. Jefferson et al., 13 Ohio, 427. The court, after recognizing all the principles I have heretofore stated respecting the nature of a mortgage proceeding, and determining, in that ease, that no execution could issue for the balance of the amount found due after exhausting the mortgaged property, state that a decree might have been so framed, that after the mortgaged premises had boen exhausted, and the proceeds applied, that the remainder would have been a debt of record, having tho force and effect of a judgment at law, upon which an execution might have issued. But the court there do not intimate that it has the force and effect of a judgment at law, to confer a lien; or that it has the force and effect of a judgment at law, except as to the balance remaining duo, after subjecting the mortgaged property. But if the lien attaches under such a decree, when does it attach ? It must attach, if at alb from tho first day of the term at which the decree was rendered, and to the amount of the whole debt found due under the mortgage, and upon all the lands of the mortgagee, as well those covered by the mortgage as those not. But I have already shown that the statutory lion is merely in aid of the execution. Hence, if a general execution could not issue, a ^general lien could not attach. But it will not be pretended that a general execution could issue against the lands and tenements of the debtor in the first instance, but that the lands mortgaged must be first subjected, *384 and no one has ever claimed that, an execution could go against the lands generally, except for the unpaid balance.
The statutory lien, then, does not attach to the whole debt, but only to the balance. It can not, therefore, attach to this balance until it be ascertained, and this can not be done until after the term at which the decree was rendered, and hence no lien, under the statute, can attach to it at all. It is, therefore, demonstrated that a decree finding the amount due on a foreclosure is not such a decree for the payment of money as confers upon it the statutory lien. And if the court will permit at all an execution to issue as at law, under any shaping of the decree for the collection of the amount remaining, after subjecting the mortgaged premises, the utmost caution will be observed not to to permit a matter of mere favor to the mortgagee to confer upon him rights and advantages, to the detriment of others, in violation of long-established and well-settled principles.
Hence, in this case the judgment lien being older than that of the mortgage, must prevail against it; but as a purchase has intervened under the sale of foreclosure, and the money is in the hands of the court, and no detriment can come to the judgment creditor by any such order, we direct that the proceeds be first applied to the satisfaction of the judgment.
Decree for complainant.